UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-80657-BLOOM

RETCNICK FAUSTEN,

    Plaintiff,

v.

LANTANA POLICE
DEPARTMENT, *et al.*,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on *pro se* Plaintiff Retcnick Fausten's civil rights complaint filed under 42 U.S.C. § 1983 ("Complaint"), ECF No. [1]. For the reasons set forth below, the Complaint is dismissed without prejudice.

**I.    FACTUAL ALLEGATIONS**

Plaintiff is an inmate currently housed at the Sago Palm Re-entry Center. ECF No. [1]. In the Complaint, Plaintiff alleges that on November 16, 2019, Lantana Police Department Officer Delvis Santana ("Santana") issued him a Uniform Traffic Citation ("UTC") for "no proof of insurance." *Id*. at 3. However, according to Plaintiff, he has been continually incarcerated since September 27, 2018, and therefore, he could not be the individual to whom Santana issued the UTC. *Id*. at 4. As a result of the "false" UTC, Plaintiff alleges that his "driving privilege was suspen[d]ed for unpaid citation" and that to "reinstate driving privilege [he] must pay" fees to the clerk of court in Palm Beach County and to the Florida Department of Highway Safety and Motor Vehicles. *Id*. Plaintiff also alleges that "[w]ith this traffic citation which was no legal cause," his "insurance rate go up [and he] cannot drive due [to his] driver license [being] suspended." *Id*.

Plaintiff seeks damages for license reinstatement fees, for the increase in insurance premiums due to the citation, and for the suspended license, in addition to punitive damages. *Id.* at 3.

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), as partially codified at 18 U.S.C. § 1915(e)(2)(B)(i)-(iii), requires courts to screen prisoner complaints and dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (11th Cir. Sept. 4, 2019) ("[A]n action is frivolous if it is without arguable merit either in law or fact.") (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)).

Under § 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim upon which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under section 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6). *See Pullen*, 2019 WL 5784952, at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted).

Thus, "a complaint must allege sufficient facts to state a claim that is plausible on its face."

*Pullen*, No. 19-11797-C, 2019 WL 5784952 at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Plaintiff is obligated to allege "more than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

Although the Court must liberally construe pro se pleadings, "*pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Hanna v. Fla.*, 599 F. App'x 362, 363 (11th Cir. 2015) (per curiam) (citation omitted). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . judges cannot and must not 'fill in the blanks' for pro se litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, No. 08-23172-CIV, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (citation omitted).

### III.  DISCUSSION

Plaintiff names the Lantana Police Department and Santana as Defendants in the Complaint. ECF No. [1] at 1-2. Liberally construed, Plaintiff raises a malicious prosecution claim against Defendants. *See generally* ECF No. [1]. "To establish a federal malicious prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable *seizures* in addition to the elements of the common law tort of malicious prosecution." *Wood v. Kessler*, 323 F.3d 872, 881 (11th Cir. 2003). "Under the common-law elements of malicious prosecution, [a plaintiff] must prove that the officers 'instituted or continued' a criminal prosecution against, 'with malice and without probable cause,' that terminated in his favor and caused damage to him." *Williams v. Aguirre*, 965 F.3d 1147, 1157

(11th Cir. 2020) (quoting *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (alteration added)).

Here, Plaintiff's allegations do not constitute a Fourth Amendment violation. According to Plaintiff's allegations, he was in custody at the time of the traffic stop. As such, Santana could not have seized him as he was already incarcerated at the time the UTC was issued. Moreover, as to the elements of malicious prosecution, Plaintiff has not alleged the institution of any criminal prosecution related to the UTC. Nor has Plaintiff alleged any malice on the part of Santana—at best, Santana acted negligently for failing to confirm the identity of the individual that portended to be Plaintiff during the November 16, 2019 traffic stop. *See Lumley v. City of Dade City*, 327 F.3d 1186, 1197 (11th Cir. 2003) (stating that a showing of mere negligence is insufficient to make out a constitutional violation); *see also Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 n.2 (11th Cir. 2020) ("[N]o matter how serious the negligence, conduct that can't fairly be characterized as *reckless* won't meet the Supreme Court's standard." (alteration added)). Thus, Plaintiff's allegations against Santana fail to state a claim for malicious prosecution.

As to the Lantana Police Department, the governmental entity that the Defendants represent, the city of Lantana is the real party in interest. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "A municipality may be held liable under § 1983 if the plaintiff shows that a 'custom' or 'policy' of the municipality was the 'moving force' behind the constitutional deprivation." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted). "A plaintiff . . . has two methods by which to establish a county's policy: identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329-30 (11th Cir. 2003) (alteration added). However, "an inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred." *Rooney v. Watson*, 101 F.3d 1378,

1381 (11th Cir. 1996).

Here, Plaintiff has not stated a facially plausible malicious prosecution claim. Neither has he alleged the existence of an officially promulgated city policy, custom, or practice that was the moving force behind the Defendants' alleged malicious prosecution. Thus, Plaintiff has not stated a cognizable *Monell* claim against the city of Lantana, and his claim against the Lantana Police Department must also be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1]**, is **DISMISSED without prejudice** for failure to state a claim. The Clerk of Court is directed to mark the case as **CLOSED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 6, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Retcnick Fausten, *Pro Se*
W16862
Sago Palm Re-Entry Center
Inmate Mail/Parcels
500 Baybottom Road
Pahokee, FL 33476